## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID ANDREASSON, on behalf of himself and all others similarly situated, ) ) ) ) | Civil Action File No.: |
| Plaintiff(s), ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| EQUITY TRANSPORTATION COMPANY, INC., a foreign corporation, ) ) ) ) | |
| Defendant. ) ) ) | |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID ANDREASSON ("Plaintiff"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, EQUITY TRANSPORTATION COMPANY, INC. ("Defendant"), on behalf of himself, and all others similarly situated, and alleges:

## INTRODUCTION

1. Defendant has failed to pay proper federal minimum wages to Plaintiff and other similarly situated Truck Drivers during the past three (3) years. This is an action arising under the FLSA pursuant to 29 U.S.C. §§ 201-216, to recover all wages owed to Plaintiff, and other similarly situated truck drivers that suffered loss of federal minimum wages as a result of Defendant's unlawful pay policies and practices.

## PARTIES

2. During all times material hereto, Plaintiff was, and currently remains, a resident of Lake City, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was and is a foreign corporation headquartered in the State of Michigan, with its principal place of business at 3685 Dykstra Drive NW, Walker, Michigan 49544.

4. During all times material hereto, Defendant substantially engaged in business in Atlanta, Georgia, within the jurisdiction of this Honorable Court. Moreover, Defendant required Plaintiff to perform a significant amount of work in Atlanta, Georgia, for which he was not compensated in accordance with the FLSA.

5. At all times material hereto, Defendant, was vested with ultimate control and day-to-day decision-making authority to hire, fire, and discipline, any and all company employees, including Plaintiff.

6. Defendant was Plaintiff's FLSA employer, as that term is defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7. A substantial portion of the acts and omissions giving rise to this dispute took place within Atlanta, Georgia. Jurisdiction is therefore proper within the Northern District of Georgia pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8. More specifically, Defendant regularly transacts business in Atlanta, Georgia, purposefully availed itself of the opportunity to do business in the State of Georgia, required Plaintiff to perform work in Atlanta, Georgia, and committed federal wage violations in the State of Georgia, thereby establishing jurisdiction before this Honorable Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. Furthermore, Plaintiff was required to spend a substantial amount of time in the State of Georgia when his truck broke down on the side of the road which required him to engage in additional hours of work for which Plaintiff was not properly compensated.

9. Venue is proper within the Northern District of Georgia pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. Defendant is a trucking and transportation company that employs and assigns driving routes to Truck Drivers throughout the United States.

11. Defendant operates its headquarters in Walker, Michigan.

12. According to its own website, Defendant is:

> [A] Michigan based company that is owned and operated by a family that has roots in the Transportation Industry dating back to the early 1900's. Equity has continued to evolve and grow responsibly over the years as evidence by the numerous Green Initiatives that we have under way.
>
> You don't have to look far to see that Equity Transportation is built to be driver-friendly. No-touch freight, no forced dispatch, and great pay and bonuses keep our drivers happy.

*See* www.driveforequity.com (last visited December 16, 2020).

13. Defendant employs hundreds of Truck Drivers similarly situated to Plaintiff who drive and deliver various freight and cargo to locations throughout the United States.

## FLSA COVERAGE

14. During all times material hereto, Defendant was covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate

4

commerce by virtue of the fact that its business activities involved those to which the FLSA applies. More specifically, during all times material hereto, Defendant employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: furniture, cellular telephones, computer equipment, paper goods, office supplies, pens, car keys, office chairs, printers, and other office materials.

15. During all times material hereto, Defendant employed two (2) or more employees engaged in interstate commerce as truck drivers who performed long haul deliveries and transport to clients across state lines, and otherwise used and communicated through instrumentalities of commerce with clients from Georgia, Tennessee, Michigan, and other states, on a regular and recurrent basis.

16. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 in 2017, 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

17. Upon information and belief, Defendant will gross or do business in excess of $125,000.00 in the first, second, third and/or fourth quarters of 2021.

18. Plaintiff's work for Defendant was actually in, or so closely related to the movement of commerce while he worked for Defendant, that Plaintiff is covered

5

under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce as a driver. More specifically, Plaintiff, and all others similarly situated, regularly and recurrently engaged in using the instrumentalities of commerce, including interstate roadways to deliver shipments to entities in various states across the country. Accordingly, Plaintiff and similarly situated individuals are individually covered under the FLSA.

### ALLEGATIONS RELATIVE TO PLAINTIFF ANDREASSON

19. In June 2020, Defendant hired Plaintiff to work as a non-exempt Truck Driver.

20. Defendant offered to compensate Plaintiff the same way it compensates all of its other Truck Drivers - a flat-rate basis based upon the mileage driven without any regard to the number of hours Plaintiff was working.

21. Defendant compensated Plaintiff at the rate of forty cents ($0.40) per mile driven on an assignment regardless of the number of hours required to complete a drive and delivery.

22. During Plaintiff's employment Defendant began to deduct amounts from Plaintiff's paychecks for expenses and costs that should have been borne by the employer. Deduction of these wages resulted in an unlawful kickback for the

employer and caused Plaintiff's regular hourly rate to fall below the federally mandated minimum wage in one or more workweeks.

23. For example, multiple paychecks issued to Plaintiff display vague "fines" and other expenses that were charged against Plaintiff which Defendant deducted from Plaintiff's weekly pay without any explanation.

24. Defendant knew that Plaintiff was performing hours of work in which he was not compensated at the federally mandated minimum wage of $7.25 per hour.

25. Defendant required Plaintiff to perform this work but intentionally refused to pay Plaintiff the proper federal minimum wage, and incorrectly misled Plaintiff about wage requirements, and approved the unlawful treatment of Plaintiff during all material times of Plaintiff's employment

26. During all times material hereto, Defendant adopted a company-wide pay policy which required Truck Drivers similarly situated to Plaintiff to work for sub-minimum wages.

## **CLASS ALLEGATIONS**

27. Plaintiff seeks each class members' rightful and proper minimum wages, which would be $7.25 for each hour worked in each workweek within the past three (3) years, an equal amount in liquidated damages, judgment, attorney's fees and costs.

28. Defendant employs and has employed within the past three (3) years similarly situated Truck Drivers throughout the United States.

29. Defendant uniformly treats its Truck Drivers in the United States as it relates to wages paid and reporting of hours worked.

30. Defendant's failure to compensate Plaintiff and the putative class of Truck Drivers for all wages as required by the FLSA results from a pay policy or practice of failure to assure payment of federal minimum wages in accordance with the FLSA.  This policy or practice was applicable to Plaintiff and the class members.  Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of federal minimum ages to Plaintiff applies to all class members.

31. Accordingly, the class members are properly defined as:

> All employees who worked for Defendant as a Truck Driver during anytime within the three (3) years prior to the filing of this Complaint, who performed work in the United States and who were not paid at least the federal minimum wage of $7.25 for each hour worked as required under the FLSA.

32. As a direct result of Defendant's intentional and/or willful violation of the FLSA, Plaintiff suffered damages and had to retain the services of the

undersigned counsel to exercise his rights and is therefore entitled to recover his reasonable attorney's fees and costs incurred.

33. Prior to the filing of this Complaint, Plaintiff's counsel sent pre-suit notice and sought to remedy these violations without having to file suit to no avail.

## **COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206**

34. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33, as though set forth fully herein.

35. During the relevant time period, Defendant failed to pay Plaintiff the federal minimum wage of $7.25 per hour for each hour worked in one or more workweeks within the three (3) years prior to the filing of this Complaint.

36. Because Defendant intentionally and/or willfully failed to comply with the requirements of the FLSA, the applicable statute of limitations is three (3) years as opposed to two (2) years.

37. Because Defendant intentionally and/or willfully failed to comply with the requirements of the FLSA, Plaintiff is entitled to recover liquidated (double) damages for any violations.

38. As a result of the violations of the FLSA alleged herein, Plaintiff has been required to retain the services of the undersigned counsel and is entitled to recover reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff David Andreasson respectfully demands a trial by jury and requests that this Honorable Court grant the following relief against Defendant Equity Transportation Company, Inc.:

(a) a declaratory judgment that Defendant has violated the Fair Labor Standards Act;

(b) an award of unpaid compensation for wages, including minimum wages, for Defendant's violation of the Fair Labor Standards Act;

(c) an award of all liquidated damages for unpaid wages to Plaintiff;

(d) reasonable attorneys' fees and litigation costs as permitted under the FLSA;

(e) a trial by jury on all issues triable by jury; and,

(f) such additional relief as the Court deems just and proper.

Respectfully submitted this 12th day of March, 2021.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**

By: */s Charles L. Bachman, Jr.*
Charles L. Bachman, Jr.
Georgia Bar No. 030545
Joseph D. Shelley
Georgia Bar No. 140034
*Attorneys for Plaintiff*

49 Atlanta St SE,
Marietta, Georgia, 30060

Phone: (770) 422-1776
Facsimile: (770) 426-6155
cbachman@gdcrlaw.com
jshelley@gdcrlaw.com

        **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS PLLC**

        By: */s Jordan Richards*
        Jordan Richards
        Florida Bar No. 108372
        ***Pro Hac Vice* Forthcoming**
        *Attorney for Plaintiff*

805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
jordan@jordanrichardspllc.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this pleading complies with the type-volume limitations set forth in Rule 7.1(D) of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that the foregoing has been typed in Times New Roman 14 point.

*/s/ Charles L. Bachman, Jr.*
Charles L. Bachman, Jr.
