# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| DAVID ANDREASSON, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>EQUITY TRANSPORTATION COMPANY, INC., *a foreign corporation*,<br><br>    Defendant. | 1:21-CV-01029-ELR |

## O R D E R

Presently before the Court is the Parties' "Joint Motion to Approve Settlement Agreement," filed December 23, 2021. [Doc. 18]. Significantly, Plaintiff David Andreasson's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." See Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted); see also Compl. [Doc. 1].

"Although a private settlement and stipulation for dismissal typically ends the case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of the FLSA claim." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1231 (M.D. Fla. 2010) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections afforded by the FLSA. See id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc., 679 F.2d at 1352–53. The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route "is provided in the context of suits brought directly by employees against their employer under [29 U.S.C. § 216(b)] to recover back wages." See id. In that context, which applies to the matter at hand, the Parties may "present to the district court a proposed settlement" for review. See id. After scrutinizing the proposed settlement, if the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court

may enter a stipulated judgment. See id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action. [See Doc. 18 ¶ 10].

Upon review of the Parties' instant motion, the Court finds there is a bona fide dispute regarding claims arising under the FLSA and that the Parties' proposed Settlement Agreement represents a fair and reasonable resolution to this action. [See generally Docs. 18, 18-1]. Specifically, the Court notes that Defendant Equity Transportation Company, Inc. has agreed to resolve Plaintiff's claims by paying him "$2,500.00 for his alleged backpay owed" and "an additional $2,500.00 as liquidated damages[.]" [See Doc. 18 ¶ 9]. Thus, pursuant to the proposed settlement, the Parties provide that Plaintiff will receive the full benefits to which he is allegedly entitled pursuant to the FLSA. [See id.] Further, although Defendants deny Plaintiff's allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Additionally, the Court finds Plaintiff's counsel's legal fees to be reasonable. [See Docs. 18 ¶ 9; 18-2; 18-3]; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's

3

legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement."). The Parties indicate in their motion that Plaintiff's counsel's fees were agreed to "separately from the amount for Plaintiff's underlying claims." [See Doc. 18 ¶ 20]; see also Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding attorney's fees and costs reasonable where the parties' proposed settlement: "(1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement . . . ; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff").

Accordingly, the Court **GRANTS** the Parties' "Joint Motion to Approve Settlement Agreement" [Doc. 18], **APPROVES** the Parties' proposed Settlement Agreement [Doc. 18-1], and **DIRECTS** Defendant to pay Plaintiff and his counsel the amounts set forth in the Settlement Agreement. Additionally, the Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this case.[1] The Parties shall file a stipulation of dismissal upon payment of the settlement funds and finalization of the settlement documents. If settlement fails, the Parties should promptly move to reopen the case.

---

[1] The Court notes that administrative closure will not prejudice the rights of any Party to this litigation. A Party need only file a motion to reopen the case if they so choose.

**SO ORDERED**, this 11th day of January, 2022.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia